Dear Representative Ackal:
Reference is made to your request for an opinion of this office regarding the propriety of an appropriation by the Legislature to the Caddo Public Education Foundation ("Caddo"). Specifically, you ask whether a direct State appropriation can be made to Caddo.
According to your correspondence, Caddo is a private entity. The Articles of Incorporation enclosed with your correspondence indicate that Caddo is a Louisiana non-profit corporation. The Articles also indicate that Caddo's mission is ". . . to improve the quality of education in Caddo Parish by marshalling independent, private donations and resources of the community . . .", a notably worthy endeavor.
This office is supportive of all efforts to improve the quality of education in this state. However, La. Const. Art. VII, Sec. 14
prohibits the State from loaning, pledging or donating funds, credit, property or things of value ". . . to or for any person, association, or corporation, public or private . . .". This constitutional provision has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal RiskAgency, 439 So.2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
We are unaware of any provision of law which would obligate or authorize the use of state funds for the endowment of a private entity such as Caddo, despite its laudatory mission. In our opinion, an appropriation for such an endowment constitutes a donation, and would therefore violate the provisions of La. Const. Art. VII, Sec. 14.
We trust the foregoing adequately addresses your concerns. Should you need our assistance with regard to this or other matters, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General